Nott, J.
The laws of this state do not recognize a court, composed of two magistrates, except in particular cases. If this perjury was committed before a court, required by law to be composed of two magistrates, the indictment is erroneous. If the case was of such a nature as to require but one, then the verdict is erroneous, as both could not be sitting in a judicial capacity. So that the variance between the indictment and the verdict is fatal. If the jury meant that the offence was partly committed before one, and partly before the other, that is erroneous; for one, although a magistrate, acted in this case only in a ministerial capacity, and the verdict docs not *202 shew which acted in the judicial, and which m a . . . , . . “ „ 7 , - , ministerial capacity: and, therefore, would not be a bar to another indictment for the same offence. I am farther of opinion, that the verdict is contrary to evidence. Mr. Adcock swears that the warrant was returnable before Mr. Turner, and that he did not sit on the trial at all but was merely the organ of Mr. Turner to administer the oath for him. I think therefore, that a new trial ought to be granted.
Justices Colcock and Bay concurred..